### Amos Case *vs.* John S. Ladd.

This court will not take cognizance of a case coming up from the superior court, if the record shows simply an appeal from the decision of that court sustaining a demurrer to one count of a declaration which contains two counts, and the other count remains unanswered, and no judgment has been entered in that court.

TORT for assault and battery and false imprisonment. To an amended count in the declaration the defendant demurred; and, the demurrer being sustained in the superior court, the plaintiff appealed. The other facts sufficiently appear in the opinion.

*H. W. Muzzey*, for the plaintiff.

*E. Ripley*, for the defendant.

BIGELOW, C. J. This case is not properly before us, and we cannot pass on the questions which the parties intended to submit to us, until further action has been taken in the court below. In the first place, no judgment has been entered in that court. If the ruling of the court, sustaining the demurrer to the declaration, was understood and intended as a final disposition of the case, judgment should have been rendered for the defendant. As the case now stands, it is open for the plaintiff to apply to the court below for an amendment, under Gen. Sts. *c.* 129, §§ 41, 64. But there is another difficulty. There are two counts in the declaration; the one originally inserted in the writ, and also the amended count, filed by leave of court. The demurrer is to the latter count only. The first count stands unanswered, and, for aught we can see, is a good count for assault and battery and false imprisonment. According to strict rule, the plaintiff would be entitled to judgment on this count, as on a *nihil dicit*. *Dwight* v. *Holbrook*, 1 Allen, 560. But such an order would not be according to the understanding of either party. In this state of the record, it is clear that no such order or entry can be made by this court as will properly dispose of the case, according to the intention of the parties. The appeal must therefore be dismissed.