# THE SMITH BRIDGE COMPANY

*v.*

# THE LOUISVILLE, NEW ALBANY AND ST. LOUIS AIR LINE RAILWAY CO.

1. WRIT OF ERROR—*to what judgment it will lie.* Where there was a demurrer filed to the first count of a declaration, and a plea of the general issue to the second count, the judgment of the court sustaining the demurrer to the first count leaves the cause pending upon the second count, and the general issue filed thereto, and there is no final judgment to which a writ of error will lie.

2. MECHANIC'S LIEN—*who entitled thereto.* The Mechanic's Lien Law of 1869 does not extend to a sub-contractor of a sub-contractor.

WRIT OF ERROR to the Circuit Court of Wabash county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. S. Z. LANDES, for the plaintiff in error.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

The declaration in this case contains two counts, the first of which is framed under sections one and five of the act of 1869, giving a mechanic's lien to sub-contractors. The allegations show, that plaintiff in error was a contractor under a sub-con-

tractor. The second is the ordinary common count. The defendant demurred to the first count, and filed the general issue to the second. The court sustained the demurrer to the first count, and the cause is still pending upon the second, and the general issue filed thereto. Upon this state of the record the plaintiff brought error to this court.

While we are of opinion that the demurrer was properly sustained to the first count, on the ground that the statute does not extend to a sub-contractor of a sub-contractor, yet we can not affirm the judgment. There was no final judgment to which a writ of error will lie.

The writ will, therefore, be dismissed.

*Writ of error dismissed.*