A. S. BERKOWSKY AND DANIEL SABLE

v.

FRANK SABLE.

*Mechanic's Liens—Secs. 29, 30 and 37—Employe of Sub-contractor.*

1.  Sec. 29 of the Mechanics' Lien Act does not extend the right to a lien to an employe, or sub-contractor of a sub-contractor.

2.  A party's rights must be governed by the law in force when his cause of action accrued.

3.  One who has no right to a lien can not maintain an action at law to obtain a personal judgment under the terms of Sec. 37 of the Mechanics' Lien Act.

[Opinion filed December 7, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Mr. M. D. BROWN, for appellant Berkowski.

Mr. CHARLES WERNO, for appellee.

MORAN, J.  Appellee, who was the employe of a sub-contractor, brought this action against the owner and said sub-contractor to recover wages due him for labor on a certain building being erected by said owner.  Appellee served on the said owner the notice required by Sec. 30 of the Mechanics' Lien Act.  The case was appealed from a justice to the Superior Court, and on a trial in said court a judgment was rendered against appellants and in favor of appellee for $62.  This was clearly erroneous.  Sec. 29 of the Mechanics' Lien Act does not extend the right to a lien, to an employe or sub-contractor

of a sub-contractor. This has been repeatedly determined by the Supreme Court. Rothgerber v. Dupuy, 64 Ill. 452; Ahern v. Evans, 66 Ill. 125; Newhall v. Kastens, 70 Ill. 156; The Smith Bridge Co. v. The L. N. A. & St. L. Ry. Co., 72 Ill. 506.

One who has no right to a lien can not maintain an action at law to obtain a personal judgment under the terms of Sec. 37 of the Lien Act.

In construing the law the Supreme Court in Rothgerber v. Dupuy, gave as one of the reasons why Sec. 29 did not give a lien to an employe of a sub-contractor, that the section did not give the owner the power to compel a sub-contractor to give him an account of the number of persons in his employ with the rate of wages, etc., as it did the contractor.

Counsel for appellee contends that said section is now to have a different construction, because the law as it now stands compels the sub-contractor to furnish to the contractor a statement of the persons in his employ. We are not called upon by this contention to consider what, if any, effect the amendments to the lien act have on the rights of employes of subcontractors.

The work for which appellee claims to recover was done in the summer of 1890, and this action was commenced before the justice in September, 1890.

The amendment to the lien law requiring sub-contractors to furnish a statement went in force July 1, 1891. Appellee's rights must be governed by the law in force when his cause of action accrued.

The judgment is erroneous and must be reversed.

*Judgment reversed.*