# Knickerbocker Ice Co. v. Kate M. Vandermark et al.

1.   MECHANICS' LIEN—*Sub-contractor of a Sub-contractor.*—O'Shea made a contract with Vandermark to erect a block of brick houses. The title of the premises was in Vandermark's wife.   Before the work was begun O'Shea and one Roche agreed that as between themselves, as to the mason work, they would be equal partners.   The Knickerbocker Ice Company sold them the bricks and not having been paid, filed its petition for a lien on the premises, having served upon Vandermark's wife the notice required by section 30, chapter 82 R. S., entitled " Liens." *It was held* that O'Shea and Roche were themselves in no sense sub-contractors so that the Knickerbocker Company would be deprived of its liens by reason of its being a sub-contractor of a sub-contractor.

Memorandum.—Suit for a lien. In the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.   Petition for a mechanics' lien; answer; trial and petition dismissed for want of equity; petitioners appeal.   Heard in this court at the March term, 1893.   Reversed and remanded.   Opinion filed May 24, 1893.

ULLMAN STRONG, attorney for appellant.

APPELLEES' BRIEF, LEVI SPRAGUE, ATTORNEY.

The act which gives a sub-contractor, performing labor or furnishing materials for the erection of a building, a lien

thereon, for the value of such labor, will not be extended by construction, so as to give its benefits to a sub-contractor of a sub-contractor. Ahern et al. v. Evans, 66 Ill. 125; The Smith Bridge Co. v. The Louisville, N. A. & St. L. Air Line R. R. Co., 72 Ill. 506.

WEIGLEY, BULKLEY & GRAY, attorneys for appellees Schaar, Koch & Co.

OPINION OF THE COURT, GARY, P. J.

The case shown by the proofs is, that November 6, 1891, Timothy O'Shea made a contract with John L. Vandermark, husband of Kate, by which O'Shea undertook to erect a block of eight houses, all under one roof, except so far as separated by fire walls.

At that time the title to the ground was in one Wright, with whom the Vandermarks were negotiating for an exchange for property of the wife. Subsequently Wright conveyed to her. Between the Vandermarks themselves it had been arranged that he should attend to the business of making the exchange, and erecting the houses for her. Before work was begun, O'Shea and Charles F. Roche agreed between themselves, that as to the mason work, they would be equal partners, and they went on with the work on that basis.

The appellant sold to them the brick, for the price of which the appellant filed in this case a petition for a lien upon the premises, under Ch. 82, R. S., having duly served upon Kate the notice required by section 30 of that chapter.

There are many other facts in the history of the case, which we regard as not necessary to recite, as the petition was denied solely on the ground that by the arrangement between O'Shea and Roche, they had, as a firm, become sub-contractors under O'Shea, individually, and therefore the appellant in selling brick to them was not a sub-contractor under O'Shea, within section 29 of chapter 82, but a sub-sub-contractor, who can not have a lien. Berkowsky v. Sable, 43 Ill. App. 410.

But O'Shea and Roche were in no sense sub-contractors. The arrangement between them was merely a method of compensation by O'Shea to Roche for his aid in the mason work, as a percentage of the profits on that part of the job. That Roche was responsible with O'Shea to the appellant for the brick, did not impair the effect of the fact that the appellant, to enable O'Shea to perform his contract with the owner, supplied him with brick for which he was bound to pay.

In our opinion, there is nothing in the other multitudinous objections made by the several appellees to the claim of the appellant, all of which were rightly overruled by the Circuit Court.

The decree of the Circuit Court is reversed and the cause remanded, with directions to that court to enter a decree for the appellant for the sum of $2,343, being the price of 426,000 brick, at $5.50 per thousand.