## JONES v. DANIEL, executrix.

Though the losing party on the trial of a special issue as to the genuineness of a deed offered in evidence on the trial of an action of ejectment may file a motion for a new trial and except to a judgment denying such motion, that judgment can not be reviewed in this court while the ejectment or main case is still pending in the court below. If the final disposition of the main case should be postponed beyond the term at which the special issue was tried and such a motion should be made and overruled during that term, the movant could except pendente lite and bring the question here after the entire case was at an end in the trial court. When, however, the verdict upon the trial of the collateral issue is against the genuineness of the deed, and the party tendering it can not, with this issue determined against him, establish his right to recover, or his defense, as the case may be, he should at once submit to a verdict and then bring up the whole case.

Argued February 17, — Decided April 19, 1899.

Practice in Supreme Court.

*Anderson & Jones*, for plaintiff in error.
*Smith & Jones*, contra.

SIMMONS, C. J.  Betsy Clark brought against Jones an action of complaint for land.  At the close of the evidence introduced by the plaintiff, Jones moved for a nonsuit, which was refused by the court.  Jones excepted.  Jones then offered a deed which purported to have been made by the plaintiff and under which he claimed.  Plaintiff filed an affidavit that the deed was a forgery; whereupon an issue was made up and tried by jury. The verdict was that the deed was a forgery.  Jones moved for a new trial of this collateral issue; the motion was overruled, and he excepted.  He now brings his bill of exceptions to this court, seeking a reversal of these rulings.  When the case was called here, counsel for the defendant in error moved to dismiss the writ of error, because the case was prematurely brought to this court, the main case not having been tried in the court below but still pending there.  It seems that when the issue of forgery was decided against the defendant by the jury, he did not submit to a verdict in the original case of complaint for land, but this latter case was postponed or continued, and is still pending in the court below.  Section 5526 of the Civil Code provides, in substance, that no cause shall be brought to

this court until after a final disposition of the case in the lower court, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto. It also provides, that at any stage of the cause either party may file his exceptions to any decision, sentence, or decree of the court, and if the same be certified and allowed, they may be entered of record in the cause; and should the case, at its final determination, be brought here by writ of error, such exceptions may be brought here with the record and error assigned thereon. The original case not having been finally disposed of in the court below and the finding of the jury in the issue of forgery not being a final disposition of the main case, it seems to us that the above-cited section of the code controls and that the case is here prematurely. We do not know, nor can we determine from the record, that the finding of the jury on the issue of forgery would be final in the trial of the main case. It may be that Jones, the defendant, had other defenses or other deeds on which he might have relied. One missing link in the chain of a defendant's title or the exclusion of one of his deeds from evidence does not always prevent a verdict in his favor. He may have other defenses, such as prescription, adverse possession under a claim of right, etc. At any rate, the exclusion of this particular deed as a forgery is not shown to be a final disposition of the main case, and, as we have seen, no case can be brought here until there is a final disposition of it in the court below or a judgment which, if it had been made as claimed, would have finally disposed of the case.

It is argued, however, that the defendant in the court below had the right, under section 5474 of the Civil Code, to move for a new trial on this collateral issue, and that the judge had power to grant or refuse it, and that, inasmuch as he did refuse, a bill of exceptions lies to that refusal before a final determination of the main case. We think that this can not be done under the section of the code just cited, when taken in connection with that first set out. While the defendant had a right to move for a new trial upon the collateral issue and the

court had power to pass upon the motion, the ruling can not be brought to this court for review until a determination of the main case. This court passed upon such a motion in the case of *Vance* v. *Gamble*, 95 *Ga.* 730, but the record there showed that, after the deed had been declared a forgery by the jury, a nonsuit was awarded, which was a final disposition of the main case. The trial judge granted, in that case, a new trial as to the collateral issue, and this court directed that the main case should be reinstated. If this deed, found to be a forgery, was the only defense the defendant had, the better practice would have been for him to have so announced to the judge and to have submitted to a verdict. Had he done so, then we could have entertained his motion for a new trial upon the collateral issue, for there would have been a final disposition of the case in the court below. If he relied upon other defenses also, he could have proceeded with the trial of the case, and, if he had lost it, he could have made a motion for a new trial in the main case and the collateral issue as well, if it had not been passed upon prior thereto, and then, in-one bill of exceptions, brought to this court the decisions of the judge in overruling both of these motions. If it had been for any reason impracticable to dispose of the main case during the term at which the collateral issue was tried, he could have made his motion for a new trial on the collateral issue, and, when the judge overruled it, excepted pendente lite. Then, whenever the main case was disposed of and brought here, he could have had these exceptions incorporated in the record and assigned error on them. This same question was decided by this court in the case of *Herrin* v. *Grannis*, 40 *Ga.* 581.

It is further claimed that this writ of error should not be dismissed, for the reason that there is an exception with which this court can deal, namely, that the court erred in refusing to grant a nonsuit at the conclusion of the plaintiff's evidence. Having shown that this court can not review the refusal to grant a new trial upon the collateral issue, as brought up in this bill of exceptions, the only question remaining is as to whether it can entertain a writ of error where the sole error complained of in the bill of exceptions is that the court erred

in refusing to grant a nonsuit, while the case is still pending in the court below. We think not. In the case of *Central R. Co.* v. *Denson,* 83 *Ga.* 266, this court held that if a bill of exceptions is "predicated solely on the refusal of the judge to grant a nonsuit, where after such refusal the case proceeded to trial and a mistrial [was] had, a motion to dismiss it in this court would prevail." In the opinion it was said: "Where a motion to nonsuit is made in the court below and is overruled, and the case proceeds to trial and a mistrial is had, we do not think the defendant has a right to file a bill of exceptions and bring the case here upon that ground alone." Is it true that, in the case just cited, the writ of error was not dismissed, but the reason was that the bill of exceptions complained of the overruling of a demurrer to the declaration, when, if the demurrer had been sustained, it would have been a final disposition of the case. This bill of exceptions is not like that. It contains no ground at all which this court can consider, and we are compelled to dismiss it, as was done in the case of *Augusta Ry. Co.* v. *Tennant,* 98 *Ga.* 156, which is controlling here.

*Writ of error dismissed. All the Justices concurring.*