## STATE MUTUAL LIFE AND ANNUITY ASSOCIATION *v.* KEMP.

When a corporation, in defense to an action against it, files a plea to the jurisdiction, based on the ground that it had no agency or agent in the county wherein the suit was brought at the time of the filing of the plaintiff's petition, and traverses the return of the sheriff purporting to show service upon its agent in that county, and the special issue arising upon the traverse is tried separately and found against the defendant, the parties having agreed "that the plea to the jurisdiction of the court shall abide the final judgment on the issue made by the traverse to the return of service:" *Held*, that while the defendant may move for a new trial of this special issue, it can not bring here for review a judgment overruling such motion until after the rendition of the final judgment in the main case.

Submitted March 1,—Decided April 26, 1902.

Traverse of return of service. Before Judge Nottingham. City court of Macon. July 20, 1901.

*Dean & Dean* and *Arthur L. Dasher*, for plaintiff in error.
*John P. Ross*, contra.

FISH, J. Rebecca M. Kemp brought an action, in the city court of Macon, against the State Mutual Life and Annuity Association, upon a policy of life-insurance issued by the defendant to the plain-

tiff's husband, since deceased. The defendant filed a plea to the jurisdiction of the court, based on the ground that the defendant had no agency or agent in the county of Bibb, wherein the suit was brought, at the time of the filing of plaintiff's petition, but that its residence and principal office were in the county of Floyd. At the same term at which this plea was filed, the defendant traversed the return of the deputy sheriff, purporting to show service upon defendant's agent in Bibb county. The special issue arising upon the traverse was tried separately, the parties having agreed, in writing, "that the plea to the jurisdiction of the court shall abide the final judgment on the issue made by the traverse to the return of service." The jury trying the special issue returned a verdict against the traverse. The defendant moved for a new trial, which motion being overruled, it excepted, and brought here for review the judgment overruling the motion.

Under the previous rulings of this court, it is evident that the case is here prematurely. In *Ross* v. *Mercer*, this day decided (ante, 353), a verdict was returned, by direction of the court, finding against a plea to the jurisdiction. The defendant sued out a bill of exceptions, assigning error upon the action of the court in directing the verdict, and upon various rulings made during the progress of the trial. The writ of error was dismissed, because prematurely sued out. The ruling there controls the present case; for the question made by the issue upon the traverse and the agreement of counsel was one of jurisdiction. It is true that in the present case a motion for a new trial was made, and that the bill of exceptions assigns error upon the judgment overruling the motion; but as there are no rulings complained of in the motion for a new trial which, if reversed, would put an end to the case, the mere fact that a motion for a new trial was made does not take the case without the principle ruled in *Ross* v. *Mercer*. The defendant had the right to move for a new trial, but to the judgment overruling the same exceptions pendente lite should have been filed, upon which error could be assigned after the rendition of the final judgment in the case. See *Jones* v. *Daniel*, 106 *Ga.* 850.

*Writ of error dismissed. All the Justices concurring, except Lewis, J., absent.*