### SMITH *v.* ESTES *et al.*

Where, in an action for the recovery of land, there was raised a collateral issue of forgery, on a deed under which the defendant claimed, and this special issue alone was submitted to the jury, the Supreme Court has no jurisdiction to pass upon an assignment of error complaining of the refusal of a new trial on such issue, when there has been no final disposition of the main case.

Submitted April 23,—Decided May 16, 1907.

Practice in the Supreme Court.

*E. T. Moon, W. T. Tuggle,* and *H. A. Hall,* for plaintiff.

*Longley & Longley,* for defendants.

Maria L. Smith, formerly Freeman, brought an equitable petition against T. W. Estes, T. W. Estes as administrator of Francis Freeman, and W. G. Park as administrator of Jemima Freeman, for the cancellation of a deed from the petitioner to Francis Freeman, executed September 18, 1876, and the reformation of two other deeds, one from Jemima Freeman to T. W. Estes, executed April 24, 1894, and one from W. G. Park, as administrator of Jemima Freeman, to the said Estes, executed March 24, 1901, and for the recovery from Estes of an undivided one-half interest in the lands described in these deeds, together with mesne profits. The petition alleged, that the petitioner was fraudulently induced by Francis and Jemima Freeman, his wife, to execute the deed which she made to him, dated September 18, 1876, the alleged fraud being specifically set out in the petition; and that Estes, the defendant, who held under that deed, had actual knowledge of the fraud at the times when he purchased the lands in dispute. The petition was returnable to the May term, 1902, of the court. At the May term, 1905, the petitioner, by leave of the court, amended her petition by alleging as follows: "That the certain alleged deed dated September 18, 1876, and purporting to have been signed by petitioner and witnessed by H. T. Estes and J. J. Johnson, and purporting to convey the land to Francis Freeman, the land claimed by petitioner and described in the original petition in this case, and alleged to be recorded in Deed Book R, 221, is not the instrument signed by petitioner. And petitioner avers, that she never signed said alleged deed, nor did she authorize any one to sign the same for her; and that to the best of her knowledge and belief the said deed is a forgery." This amendment was sworn to by the petitioner. At the November term, 1905, issue was joined on the affidavit of forgery and submitted to the jury, that issue alone being on trial. The jury, on the trial of the issue, found in favor of the defendant; whereupon the plaintiff moved for a new trial, which was refused, and she excepted.

FISH, C. J. (After stating the facts.)

It is clear, from a consideration of the foregoing statement of facts, that the bill of exceptions in this case was prematurely sued

out, as there had been no final disposition of the main case, and the collateral issue of forgery raised by the plaintiff as to a deed held by the defendant, Estes, if it had been determined as plaintiff in error contends it should have been, would not have finally disposed of the main case.  If the deed which she attacked as a forgery was, as she alleged, not the deed which she claimed she was fraudulently induced to execute, then it is manifest that even if the issue of forgery had been determined in her favor, this last-mentioned deed, which she admits she executed, would have to be set aside before she could recover the property in dispute; and the issue which she raised as to its fraudulent procurement, and the purchase of the property by the defendant, Estes, with knowledge of this fact, would still remain in the case.  On the other hand, if the deed upon which the issue of forgery was made was really the deed which the plaintiff alleged she was fraudulently induced to execute, then the verdict finding this deed not to be a forgery would simply leave the case where it was before this issue was raised, and the question of its fraudulent procurement and the further question of knowledge of this fact by the defendant, Estes, when he purchased the property, would still be in the case.  But, aside from these considerations, it is obvious that no verdict rendered upon the issue of forgery could be a final disposition of the case in which this collateral issue was raised, for the main case would still be pending until a final judgment should be entered therein.  *Warren* v. *Blevins,* 94 *Ga.* 215; *Ross* v. *Mercer,* 115 *Ga.* 353; *State Mutual Life Association* v. *Kemp,* Ib. 355.  Under the facts of this case, it can not be distinguished from *Herrin* v. *Granniss,* 40 *Ga.* 581, and *Jones* v. *Daniel,* 106 *Ga.* 850, in each of which the writ of error was dismissed because prematurely sued out.  The Supreme Court has no jurisdiction of a case so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered in accordance with the contention of the plaintiff in error, would have been a final disposition of the cause.  *Ray* v. *Anderson,* 117 *Ga.* 136; *Fugazzi* v. *Tomlinson,* 119 *Ga.* 622; *Farmers & Merchants Bank* v. *Burwell,* 120 *Ga.* 540; *McElroy* v. *State,* 123 *Ga.* 546.

*Writ of error dismissed.  All the Justices concur.*