## WALKER *et al. v.* WALKER *et al.*

The writ of error in this case, having been prematurely brought, is dismissed.

No. 417.  FEBRUARY 12, 1918.

Intervention.  Before Judge Crum.  Ben Hill superior court. May 5, 1917.

*W. H. Burwell*, for plaintiffs.

*Eldridge Cutts* and *H. J. Quincey*, for defendants.

GILBERT, J. The American State Bank of Fitzgerald, on April 3, 1913, executed and delivered, for the benefit of its creditors, a deed assigning all of its property to A. B. Cook, reciting therein that John D. Walker and Walker Financing and Securities Company were depositors of the bank. Cook took charge and was proceeding to wind up the affairs of the bank. On October 1, 1913, John D. Walker and Walker Financing and Securities Company, a corporation, as depositors, filed a petition in equity against the bank and Cook as assignee. The prayers were, (*a*) that the deed of assignment be declared null and void; (*b*) that Cook, assignee, be removed and a receiver be appointed in his stead; (*c*) that Cook be required to make a full accounting; (*d*) that Cook be restrained from paying out any of the funds of the bank, and from transferring any of its property or assets; and (*e*) for general relief. On December 8, 1913, at chambers, the judge of the superior court passed an order providing, among other things, that Walker and the Financing Company be held and treated as depositors. Subsequently Mrs. Susan A. Walker, as a depositor, and A. B. C. Dorminy et al., as stockholders, intervened, alleging that Walker and the Financing Company were not depositors, but were general creditors of the bank. Amendments to the interventions were offered, and upon objections to them being overruled exceptions pendente lite were filed. A jury was impaneled, and certain questions were propounded to them, upon which, under the charge of the court, special verdicts were rendered, to wit: (*a*) that Mrs. Walker was a depositor; (*b*) that Dorminy et al. did not have notice of the facts alleged in their intervention at the time the original order was passed, December 8, 1913; (*c*) that J. D. Walker and Walker Financing and Securities Company were not depositors. The court rendered a judgment based on the findings of the jury, and specifically vacated and set aside the order of December 8, 1913, in so far as it held and dealt with John D. Walker and Walker Financing and Securities Company as depositors. A motion for a new trial was duly filed, and amendments to the same were allowed, after which the motion was overruled. A writ of error was sued out, the plaintiffs assigning error upon the overruling of the motion for new trial, and upon the rulings to which the exceptions pendente lite related.

It will be seen from the above summary that the equitable proceeding filed by the plaintiffs in the superior court of Ben Hill county, seeking to annul and set aside the deed of assignment, and to wind up the affairs of the American State Bank, has not reached a final adjudication, and therefore it is still pending. The only issues thus far adjudicated have been, on the one hand, the status of the intervenors and their right to become parties to this litigation; and on the other, whether the plaintiffs were depositors, or were general creditors of the bank. These issues were submitted to a jury, and the findings were against the plaintiffs. But the special verdict and the decree based thereon do not amount to a final adjudication of the equitable suit filed by them, nor would it have been final had the jury found in their favor. In either event, whether they were depositors, or whether the funds furnished by them constituted a loan, they were creditors of the American State Bank, and as such their petition set out a cause of action which is still pending. Accordingly, the present writ of error was prematurely sued out; and this court having no jurisdiction thereof, it is dismissed. *Herrin* v. *Grannis,* 40 *Ga.* 581; *Jones* v. *Daniel,* 106 *Ga.* 850 (33 S. E. 41); *Ray* v. *Anderson,* 117 *Ga.* 136 (43 S. E. 408); *Ross* v. *Mercer,* 115 *Ga.* 353 (41 S. E. 594); *State Mutual Life &c. Association* v. *Kemp,* 115 *Ga.* 355 (41 S. E. 652); *Smith* v. *Estes,* 128 *Ga.* 368 (57 S. E. 685); *Clark* v. *Dallas Land Co.,* 141 *Ga.* 110 (80 S. E. 556).

It is deemed not inappropriate, in view of the fact that the case has not been concluded, to say that the exceptions pendente lite already of file, upon which the plaintiffs endeavored to assign error in the proceeding now before us, are unaffected by the ruling now made, and upon the final adjudication of the case in the court below error may be assigned thereon. *Richter* v. *Macon Gas Co.,* ante, 600 (95 S. E. 10).

           *Writ of error dismissed. All the Justices concur.*