GRISHAM, administrator, *v.* GRISHAM.

Though the losing party, on the trial of a special issue as to the genuineness of a deed offered in evidence on the trial of a petition for the partition of realty, may file a motion for a new trial and except to a judgment denying such motion, that judgment can not be reviewed in this court while the main case is still pending in the court below.

No. 958.   July 11, 1918.

Equitable petition.   Before Judge Searcy.   Pike superior court. April 20, 1918.

*E. F. Dupree* and *Reagan & Reagan,* for plaintiff.

*Redding & Lester* and *E. C. Armistead,* for defendant.

George, J.   W. J. Grisham filed a petition for partition, and alleged, that he and John L. Grisham, the defendant, each owned a half undivided interest in a described tract of land; that both the plaintiff and the defendant were 21 years of age; and that the plaintiff had given to the defendant notice of his intention to make his application as required by law. By an amendment the plaintiff claimed title to a half interest in the land under a recorded deed dated November 17, 1876, from J. L. Grisham to Mrs. C. N. Nipper, the mother of the plaintiff and the defendant, under which deed the mother took a life-estate in the land, with remainder over to the plaintiff and the defendant. By a subsequent amendment the plaintiff alleged that Mrs. C. N. Nipper was the owner of the land, and that she acquired title to the same by virtue of the deed from J. L. Grisham, conveying to her a life-estate in the land, with remainder over to the plaintiff and the defendant, and a conveyance from the plaintiff and the defendant to Mrs. Nipper, "dated in 1876, conveying to her all their interest in said land." He further alleged, that Mrs. Nipper died testate; that by the terms of her will she bequeathed to J. L. Grisham, the defendant, a special legacy of $500, and provided "that the remainder of her property be divided equally between the plaintiff and the defendant;" that all the debts of Mrs. Nipper had been paid; and that the defendant had received his special legacy; wherefore the plaintiff prayed that the land be partitioned, and that the defendant be required to account for the rents and profits received by him. The plaintiff having died subsequently to the filing of the suit, his administrator was made a party. When the case came on for a hearing, the defendant filed an affidavit of forgery, in which he alleged that on the deed from J. L. Grisham to Mrs. Nipper there

appeared a release of the remainder interest under said deed, "which release purports to have been signed by this affiant. Affiant further says that his name to said release was a forgery. This affiant neither signed said release himself, nor authorized any one else to do so for him; the signing of said release is not the act or deed of this affiant, nor the act or deed of any one else by him authorized to sign the same." A special issue was made upon this affidavit of forgery and submitted to the jury. The issue was found in favor of the defendant. The plaintiff filed his motion for new trial, which was overruled, and he excepted. From the recitals in the bill of exceptions it appears that no final judgment has been rendered in the main case.

We are of the opinion that the bill of exceptions in this case was prematurely sued out, as there had been no final disposition of the main case. Had the collateral issue of forgery, raised by the defendant to the deed under which the plaintiff claimed title to a half interest in the land, been determined in favor of the plaintiff, there would have been no final determination of the main case. The defendant might have interposed other defenses. The finding of the jury that the deed under which the plaintiff claimed in the second amendment to his petition was a forgery is not necessarily controlling upon the plaintiff's right of recovery. If controlling, no final judgment has been entered in the main case. The case is still pending, and the plaintiff may or may not, by further amendment to his petition, seek to have the land partitioned.  *Herrin* v. *Grannis,* 40 *Ga.* 581; *Jones* v. *Daniel,* 106 *Ga.* 850 (33 S. E. 41) ; *Smith* v. *Estes,* 128 *Ga.* 368 (57 S. E. 685).

*Writ of error dismissed. All the Justices concur.*