9367.  CARHART *v.* MACKLE *et al.*

The word "cause," as used in § 6138 of the Civil Code (1910), refers to the entire question being litigated under the petition, and the "cause" can not be carried to an appellate court while any portion of the cause is pending in the court below, "unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto,"—that is, unless a final disposition of the cause, or a disposition of it final as to a material party, would have been made if the court had rendered a decision or judgment such as the complaining party contends should have been rendered instead of that complained of.

DECIDED JULY 12, 1918.  JUDGMENT AMENDED JULY 31, 1918.

Action for damages; from city court of Atlanta—Judge Reid. October 20, 1917.

*Moore & Pomeroy, Charles E. Cotterill,* for plaintiff.

*Norman I. Miller,* for defendants.

BLOODWORTH, J.  Carhart brought suit against Mackle and McAuley.  The petition as amended contained two counts.  We quote enough only of each to show their character.  The first count charges that the defendants, "without probable cause and with malice . . , procured to be issued from the municipal court of Atlanta a warrant charging the petitioner with the crime of larceny after trust, "upon which petitioner was arrested and deprived of his liberty and required to give bond for his appear-

ance to answer said heinous offense." The second count charges that "on Sunday, the 24th day of September, 1916, the defendants herein caused two of the city detectives to come to the home of petitioner and place him under arrest, without warrant or authority. Said detectives detained petitioner in custody without warrant or authority at the direction of said defendants and by their procurement, for several hours, but later releasing petitioner from custody."

Demurrers to the petition, both general and special, were filed by each defendant, and on each of these the following order was passed: "Upon hearing of foregoing demurrer and argument, it is ordered that the general demurrer to the first count of petition be and is hereby sustained, and the special demurrer to paragraph 21 of second count, as to failure to allege the names and capacity of the alleged arresting persons, is hereby sustained, with leave to amend within ten days from date, otherwise petition will stand dismissed at end of that time. Other grounds of special demurrer of second count are overruled and general demurrer of second count not now passed upon. This Oct. 20, 1917." To the order sustaining the general demurrer and dismissing the first count of the petition the plaintiff excepted. The case was brought to this court, and the defendant filed a motion to dismiss the bill of exceptions, on the following grounds: "1. The bill of exceptions is prematurely brought, because the case is still pending in the court below. 2. The bill of exceptions and writ of error are premature because the case is still pending in the city court of Atlanta, in that count 2 of plaintiff's petition is still pending and undetermined therein. 3. The judgment rendered could not be considered as a final judgment, except as to one of the counts, namely count 1 of plaintiff's petition, and the case is still pending as to the other count, namely count 2, so that said judgment is not final, either as to the issues or as to the parties. 4. Because the bill of exceptions does not contain any sufficient specification of error."

Section 6138 of the Civil Code (1910) provides: "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposi-

tion of the cause, or final as to some material party thereto; but, at any stage of the cause, either party may file his exceptions to any decision, sentence, or decree of the superior court; and if the same is certified and allowed, it shall be entered of record in the cause; and should the case at its final determination be carried by writ of error to the Supreme Court by either party, error may be assigned upon such bill of exceptions, and a reversal and new trial may be allowed thereon, when it is manifest that such erroneous decision of the court has or may have affected the final result of the case." We think the word "cause," as used in this statute, refers to the entire case, the entire suit or litigation, and the entire question being litigated under the petition; and as long as any portion of the "cause" is pending in the court below, the "cause" can not be carried to an appellate court, "unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto." *Jones* v. *Daniel,* 106 *Ga.* 850 (33 S. E. 41); *Ross* v. *Mercer,* 115 *Ga.* 353 (41 S. E. 594); *State Mutual L. & A. Asso.* v. *Kemp,* 115 *Ga.* 355 (41 S. E. 652); *Fugazzi* v. *Tomlinson,* 119 *Ga.* 622 (46 S. E. 831); *McElroy* v. *State,* 123 *Ga.* 546 (51 S. E. 596); *Smith* v. *Estes,* 128 *Ga.* 368, 370 (57 S. E. 685); *Hightower* v. *State,* 22 *Ga. App.* 276 (95 S. E. 873). Bouvier defines the word "cause," in practice, thus: "Cause is a contested question before a court of justice; it is a suit or action." Bouvier also says: "A final judgment is one which puts an end to the suit;" and Blackstone (3 Bl. Com., 398) says: "Final judgments are such as at once put an end to the action by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy he sues for." See the case of *Nacoochee Hydraulic Mining Co.* v. *Davis,* 40 *Ga.* 309. Chief Justice Brown, in closing the opinion in the case just referred to, quotes the language of Chief Justice Taney in the case of Forgay v. Conrad, 6 Howard, 201, as follows: "In limiting the right of appeal to final decrees, it was obviously the object of the law to save the unnecessary expense and delay of repeated appeals in the same suit, and have the whole case and every matter in controversy in it, decided in a single appeal." In the case of Barnard v. Gibson, 7 Howard, 650, Mr. Justice McLain, delivering the opinion, said: "No point is better settled in this court than that an

appeal may be prosecuted only from a final decree. The cases are numerous where appeals have been dismissed because the decree of the court was not final." In the case of *Zorn* v. *Lamar,* 71 *Ga.* 80, the 2d headnote is as follows: "Unless the judgment excepted to be final, or would have been final if ruled as desired by the excepting party, there can be no writ of error. While the case is pending below, it can not be brought here unless the judgment here would finally dispose of it as respects the plaintiff in error." And in the opinion in that case Jackson, C. J., said: "Unless the judgment were final, or would have been final if the point had been ruled as desired by the plaintiff in error, there can be no writ of error here; or, in other words, while the cause is pending below, it can not be brought here, unless the judgment here would finally dispose of it as respects the plaintiff in error. . . As long as a defendant remains in the court below or other issues remain untried there, the case is pending there, and no final judgment has been had, so as to allow the complainant or plaintiff below to except otherwise than *pendente lite."* In the case of *Thomasville Iron Works* v. *Clark,* 16 *Ga. App.* 537 (85 S. E. 674), Judge Wade said (p. 539) : "When the rights of all parties can be preserved by the filing of exceptions pendente lite, and the entire case, after it has been finally disposed of, can be considered and reviewed (Civil Code, § 6138), it is entirely unreasonable to expect this court to expend the time and energy necessary to take several bites from one cherry, rather than to masticate and digest the whole (including the stone) at one time." See also *Harrell* v. *Southern·Ry.· Co.,* 13 *Ga. App.* 409 (79 S. E. 240) ; *Case Threshing Machine Co.* v. *Hodges,* 9 *Ga. App.* 722 (72 S. E. 189) ; *Case* v. Ladd, 84 Mass. 130; Phelps *v.* Fickes, 63 Ill. 201; Smith Bridge Co. *v.* Louisville &c. Ry. Co., 72 Ill. 506; Greig *v.* Elliott, 29 Colo. 283 (68 Pac. 237).

As, under our laws, there can be no writ of error which is not based on a final judgment, and this case is still pending in the trial court, it follows that the writ of error must be

> *Dismissed. Broyles, P. J., and Harwell, J., concur.*

### ON MOTION TO AMEND JUDGMENT.

BLOODWORTH, J. A motion was made to amend the judgment "in this cause (dismissing plaintiff's bill of exceptions) by ordering in lieu thereof that the copy of plaintiff's bill of exceptions retained in the office of the clerk of the court below shall operate

as a bill of exceptions pendente lite," and it was alleged in said motion that "the question of practice involved was novel" and that "prior to the decision in this case (dismissing plaintiff's bill of exceptions) there had been no previous decision of this court or of the Supreme Court of Georgia holding precisely that no direct bill of exceptions might be taken to an order dismissing on general demurrer one separate count in a petition so long as another count, setting up a different cause of action, had not finally been disposed of by the trial court. The practice in other jurisdictions, depending on statutes somewhat *analogous* to the statutes in Georgia, is not uniform; and in the Federal courts there is a conflict of decision." For the special reasons assigned in the motion, the judgment formerly rendered is so amended as to provide that the copy of the plaintiff's bill of exceptions retained in the office of the clerk of the court below shall operate as a bill of exceptions pendente lite.                *Broyles, P. J., and Harwell, J., concur.*