## WHITTON *v.* BARROW.

ATKINSON, J. Though the losing party on the trial of a special issue as to the genuineness of a deed offered in evidence on the trial of ejectment may file a motion for a new trial and except to a judgment denying such motion, that judgment can not be reviewed in this court while the ejectment or main case is still pending in the court below. Where no final disposition of the case is made by the trial court at the term at which the special issue is tried, the losing party in the motion for new trial may except pendente lite to the judgment refusing a new trial, upon which error may be assigned in a bill of exceptions tendered after the final disposition of the main case, assigning error on the final judgment rendered in .the main case. When, however, no such exception pendente lite has been filed, and the case is brought to this court by a bill of exceptions while the main case is still pending in the trial court, the bill of exceptions will be dismissed, because this court is without jurisdiction. *Jones* v. *Daniel,* 106 *Ga.* 850 (33 S. E. 41); *Grisham* v. *Grisham,* 148 *Ga.* 271 (96 S. E. 563).

                *Writ of error dismissed. All the Justices concur.*

RUSSELL, C. J. It is clear that the writ of error must be dismissed, but

under the circumstances of this case I think a copy of the bill of exceptions should be permitted to be filed as exceptions pendente lite.

No. 4226.   OCTOBER 14, 1924.

Complaint for land.   Before Judge Irwin.   Haralson superior court.   February 5, 1924.

*M. J. Head* and *Mundy & Walkins,* for plaintiff.

*Edwards & Edwards,* for defendant.