IRBY *v.* IRBY.

No. 6600. JANUARY 19, 1929.

*H. W. McLarty,* for plaintiff in error.
*Aldine & Hewitt W. Chambers,* contra.

BECK, P. J. Mrs. J. F. Irby filed suit for temporary and permanent alimony. Upon the hearing of the application for temporary alimony the judge of the superior court awarded a stated sum as temporary alimony. The defendant made certain payments as ordered, and failed to make other payments as they fell due. The wife filed contempt proceedings against the husband, for fail-

ure and refusal to pay alimony as ordered. Upon the hearing of the contempt proceedings the defendant was adjudged in contempt of court, but a reduction was made in the amount allowed as temporary alimony; and it was further provided in the order of the court that the defendant might purge himself of contempt by the payment, within three days, of a stated sum on the amounts of alimony accrued. This order was not complied with, and the defendant failed to purge himself of contempt by compliance with the order or by making any further showing as to his inability to pay. The suit for permanent and temporary alimony came on for trial and was on the trial calendar, and counsel urged a final determination of the issue in the case before the court and jury. The plaintiff filed a motion to "strike the case from the trial calendar and deny the defendant the right to be heard, on the ground that he was in contempt of court, and that said contempt worked a forfeiture of all his rights until he purged himself." The court sustained this motion, and the case was stricken from the calendar and the docket "until the defendant purges himself of contempt." The defendant took a bill of exceptions in which error is assigned upon the order last referred to, on the ground that it violated alleged rights of the defendant under a specified paragraph of the constitution of the State. A motion was made in this court to dismiss the bill of exceptions, upon the ground that the judgment excepted to was not such a final judgment as could be brought under review in this court by a direct bill of exceptions.

The ground of the motion to dismiss the bill of exceptions based upon the want of jurisdiction in this court to entertain the same is sustained. Manifestly, the judgment excepted to is not a final judgment; it is not a final disposition of the cause, nor final as to any material party thereto. "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto." Civil Code, § 6138. In the case of *Carhart* v. *Mackle*, 22 *Ga. App.* 520, 522 (96 S. E. 591), it was said: "We think the word 'cause,' as used in this statute, refers to the entire case, the entire suit or litigation, and the entire question being litigated under the petition; and as long as any portion

of the 'cause' is pending in the court below, the 'cause' can not be carried to an appellate court, 'unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto.' *Jones* v. *Daniel,* 106 *Ga.* 850 (*33* S. E. 41) ; *Ross* v. *Mercer,* 115 *Ga.* 353 (41 S. E. 594) ; *State Mutual L. & A. Asso.* v. *Kemp,* 115 *Ga.* 355 (41 S. E. 652) ; *Fugazzi* v. *Tomlinson,* 119 *Ga.* 622 (46 S. E. 831) ; *McElroy* v. *State,* 123 *Ga.* 546 (51 S. E. 596) ; *Smith* v. *Estes,* 128 *Ga.* 368, 370 (57 S. E. 685) ; *Hightower* v. *State,* 22 *Ga. App.* 276 (95 S. E. 873)." Other decisions of this court might have been cited, but it is unnecessary to either cite other cases or to quote from them.         *Writ of error dismissed.   All the Justices concur.*