35841. SWIFT & CO. *v.* LAWSON *et al.*

DECIDED OCTOBER 11, 1955.

*Nelson & Nelson,* for plaintiff in error.

*Williams & Smith, Felix C. Williams, Price, Spivey & Carlton, Cook Barwick,* contra.

NICHOLS, J. The question has been raised whether the writ of error in this case should be dismissed. The contention of the defendant in error is that, regardless of whether or not this court affirms or reverses the judgment of the trial court overruling the

plaintiff in error's motion for new trial, there would be no final disposition of the case and therefore the writ of error is premature. The plaintiff in error argues to the contrary, and contends that, if its plea to the jurisdiction is sustained, there would be a final disposition of the case as concerns the plaintiff in error and the action would be dismissed as to it. The plaintiff in error's argument is without merit since the assignment of error in the bill of exceptions is to the judgment of the trial court overruling its motion for new trial; and should this court reverse this ruling it would only mean that this issue (the plea to the jurisdiction) would then have to be tried again. And, of course, if this court should affirm the judgment of the trial court, the case would proceed to trial on the main issue. Therefore, there would be no final disposition of the case, regardless of which ruling was made by this court. Accordingly, the decision of the Supreme Court in the case of *State Mutual Life & Annuity Assn.* v. *Kemp,* 115 *Ga.* 355 (41 S. E. 652), is controlling in the present case, as follows: "When a corporation, in defense to an action against it files a plea to the jurisdiction, based on the ground that it had no agency or agent in the county wherein the suit was brought at the time of the filing of the plaintiff's petition, and traverses the return of the sheriff purporting to show service upon its agent in that county, and the special issue arising upon the traverse is tried separately and found against the defendant, . . . *Held,* that while the defendant may move for a new trial of this special issue, it can not bring here for review a judgment overruling such motion until after the rendition of the final judgment in the main case." Citing *Ross* v. *Mercer,* 115 *Ga.* 353 (41 S. E. 594). See also, *Albany & Northern Ry. Co.* v. *Dunlap Hardware Co.,* 6 *Ga. App.* 17 (63 S. E. 1124); *Athearn* v. *Armour & Co.,* 50 *Ga. App.* 864 (178 S. E. 757).

*Writ of error dismissed. Felton, C. J., and Quillian, J., concur.*