## CALE v. DAVIS.

LUMPKIN, J. In 1908 a petition addressed to the superior court was filed in a county of this State, alleging in substance as follows: The plaintiff has now and for over one year prior to the filing of the petition has had his residence in said State and county. The defendant resides outside of the limits of the State, somewhere in the State of South Carolina, her exact location being unknown to the plaintiff. On a named date a marriage ceremony was performed between the plaintiff and the defendant. At the time of the ceremony the plaintiff was so drunk that he was deprived of reason, did not understand the nature and quality of his act, and was unable to consent to the marriage contract. "Shortly after the said ceremony plaintiff repudiated said marriage, and since that time has never lived with defendant as man and wife." No children have been born of the union. The plaintiff prayed, "that said marriage be declared and adjudged null and void, and that he be forever released and discharged from any and all obligations and duties arising from said pretended marriage, and for such other relief as to the court may seem meet and proper in the premises." Service was made by publication. There was no appearance for the defendant. A verdict was found by one jury "in favor of the annulment of said marriage," and a decree was entered declaring the marriage to be null and void, and that the plaintiff and defendant be absolved from any duties or liabilities arising therefrom. At the same term a motion to set aside the verdict and decree was made, on the grounds, that there was no jurisdiction in the court to entertain the suit, treating the action as one not for divorce but for annulment, the jurisdiction being in South Carolina; and also that the proceeding for the annulment of the marriage was in law a suit for divorce, and the decree was void because it was based on one verdict, whereas the constitution requires two verdicts at successive terms for the granting of divorces. The motion was granted, and the judgment or decree was set aside. *Held*, that this was not error.

*Judgment affirmed.*

*All the Justices concur, except Beck and Holden, JJ., who dissent.*

SEPTEMBER 30, 1910.

Motion to set aside judgment. Before Judge Hammond. Richmond superior court. December 31, 1908.

Cited by counsel: Civil Code of 1895, §§ 2412 et seq., 4975, 5869, 5871; *Wightman v. Wightman,* 4 Johns. Ch. 343; 26 Cyc. 827, 903 et seq.; *Griffin v. Griffin,* 130 *Ga.* 527, 531, and cit.; *Bell v. Bennett,* 73 *Ga.* 784; *Wilson v. Wilson* (Minn.), 104 N. W. 301; *Fleming v. West,* 98 *Ga.* 780; *Stallings v. Stallings,* 127 *Ga.* 468.

*Austin Branch* and *George T. Jackson,* for plaintiff in error.

*William H. Fleming,* contra.