### PERDUE *et al. v.* ANDERSON, administrator.

1. The writ of error in this case, having been prematurely brought, is dismissed.
2. The writ of error having been dismissed as prematurely brought, the cross-bill of exceptions must likewise be dismissed.
3. Under the special facts of this case, leave is granted to file the certified copies of the main and cross-bills of exceptions in the office of the clerk of the superior court, as exceptions pendente lite.·

FEBRUARY 13, 1912.

Complaint for land; from Warren superior court.

*L. D. McGregor,* for plaintiffs.

*E. P. Davis,* for defendant.

ATKINSON, J. No case can be brought to the Supreme Court upon a bill of exceptions so long as it is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the case, or final as to some material party thereto. To an interlocutory decree a bill of exceptions pendente lite may be filed. Civil Code, § 6138. In the present case an action of complaint to recover 135 acres of land was brought. In

the petition it was alleged that both parties claimed by virtue of the terms of a will, and that a devise was made to a certain legatee, defeasible upon a condition which had happened, and that the defendant claimed under such devise, and therefore had no title. The defendant denied holding all of the land under such devisee, but alleged that a certain interest in the property of the testator passed to another legatee, who had conveyed it for a consideration to the devisee first mentioned; that there had been a subsequent division of the property, and that 114 acres, forming a part of that in controversy, had been set apart as the share thus conveyed. Counsel for the parties entered into an agreement to submit to the presiding judge, without a jury, a construction of the will, but expressly provided in the agreement of submission: "Neither party waives his or her right to a trial of the case on the facts after the court has construed the will;" and also: "By this agreement and the judgment of the court on the same neither party is to be concluded on the facts of the case; and the question as to how much land W. S. Pate [the legatee who was alleged to have conveyed his interest] received as legatee under the will of Nathan Pate is left open to be passed on by a jury, as are all of the other facts in this case, except such as are herein agreed upon." Thereupon the presiding judge filed an opinion construing the will in a manner which would result favorably to the defendant. In the beginning of the opinion he referred to the agreement submitting the construction of the will to him, "with all the rights reserved to the parties as set out in said agreement attached hereto." At the close of his opinion he stated: "It may be that what is above held by this court is as far as is necessary to go in this matter; but under the pleadings and agreed statement of facts in the submission of the construction of the will to the court, it may not be beyond the intent of the parties and the spirit of the submission to go further." He then stated that it was held, ordered, and decreed that the devisee under whom the plaintiff alleged that the defendant claimed took a fee-simple, indefeasible title to the land, "and that said land can not be recovered in the suit pending." Under the enumerated circumstances this ruling of the court was not such a final disposition of the case as to authorize it to be brought directly to this court by bill of exceptions. The parties did not agree for the presiding judge to enter a final judgment or decree in the case, but

33

to adjudicate the proper construction of the will, reserving the right to further try the case on issues of fact before a jury. If this court should construe the will differently from the presiding judge in the court below, it would not terminate the case, but only be a step in the progress of the trial, and it would still remain open for trial upon other issues in accordance with the agreement of submission. If a single question of law is selected and adjudication invoked upon it, and the case still left pending for trial on other issues, the issue submitted not necessarily controlling the whole case, this does not present a case for final exception and adjudication by this court; and a bill of exceptions brought for that purpose is premature.

*Writ of error dismissed. All the Justices concur, except Hill, J., not presiding.*