6045.  THOMASVILLE IRON WORKS *v.* CLARK.

1. The suit was for the contract-price of 12 pumps made to order for the defendants, aggregating $270, and also to recover a further sum for swinging a certain door for them, and for one automobile axle sold to them, amounting to $18.46 additional. Those paragraphs of the petition which alleged indebtedness for the pumps were stricken on demurrer, and the remainder of the petition was allowed to stand. The plaintiff excepted to the order sustaining the demurrer. *Held:* There was no

final judgment in the case, and the bill of exceptions embraces a matter which is only of an interlocutory character, and which therefore is not properly the subject-matter of a final bill of exceptions. The writ of error to this court is therefore premature. *Case Threshing Machine Co.* v. *Hodges,* 9 *Ga. App.* 722 (72 S. E. 189) ; *Harrell* v. *Southern Railway Co.,* 13 *Ga. App.* 409 (79 S. E. 240), and cases there cited.

2. This court declines to allow the plaintiff in error the privilege of filing its bill of exceptions as exceptions pendente lite.

DECIDED JUNE 28, 1915.

Complaint; from city court of Thomasville—Judge W. H. Hammond. September 30, 1914.

*Roscoe Luke, Louis L. Moore, C. E. Hay,* for plaintiff.

*J. H. Merrill,* for defendant.

WADE, J. It is unnecessary to comment on the ruling stated in the first headnote. While this court, as well as the Supreme Court, has frequently permitted plaintiffs in error to file, as exceptions pendente lite in the court below, bills of exceptions which were prematurely brought, the practice is not one that should be encouraged, and the privilege should be accorded only where it appears (in the absence of any distinct and clear ruling on the question thereby presented) that the premature bill of exceptions was sued out for the evident purpose of reviewing a judgment which might, under some view or interpretation thereof, be reasonably considered a final judgment in the case. To invariably permit a party, where no special reason is disclosed by the record for a departure in his favor from the rule, to file as exceptions pendente lite a bill of exceptions prematurely brought to this court would be to allow in every instance an opportunity to institute an experiment, at the cost of time and money to the opposite party, as well as to impose upon this court the wholly unnecessary burden of passing on the same case twice at least, if not more often. The business of this court has grown to such an extent that it is a matter of very serious concern whether all the cases now on its docket can be considered and decided within the time fixed by the constitution; and in view of the increasing volume of business coming before us for attention, we must hereafter endeavor to curtail by every proper method the unnecessary bringing of questions to this court for solution; and to sanction generally the practice of allowing bills of exceptions prematurely brought here to be filed as exceptions pendente lite in the court below would naturally tend to increase,

rather than to restrict, the bringing of cases to this court. When the rights of all parties can be preserved by the filing of exceptions pendente lite, and the entire case, after it has been finally disposed of, can be considered and reviewed (Civil Code, § 6138), it is entirely unreasonable to expect this court to expend the time and energy necessary to take several bites from one cherry, rather than to masticate and digest the whole (including the stone) at one time.         *Writ of error dismissed.*