*William M. Farr* and *O'Byrne, Hartridge & Wright,* contra.

---

ZIPPERER, administratrix, *v.* LAROCHE.

PER CURIAM. 1. A person alleging himself to be a creditor of an estate has no ground to petition for revocation of the letters of administration of the administratrix merely because she has not paid his claim. A failure or refusal on the part of the administratrix to pay a debt alleged to be due to the petitioner does not constitute such mismanagement of the estate as to furnish cause for a revocation of her letters. This is true even if there has been an adjudication that the debt is a lawful one against the estate of the decedent. Accordingly, it is un-

necessary to determine whether the facts that the administratrix applied for letters dismissory, that the same alleged creditor filed a caveat alleging that she had not fully administered the estate, in that she refused and failed to pay his claim, and that the caveat was sustained, amounted to an adjudication that the debt claimed by the caveator was due to him either in whole or in part, or whether the judgment sustaining the caveat amounted merely to an adjudication that the administratrix had not so fully administered the estate as to be entitled to letters dismissory, leaving the question of the validity and amount of the debt claimed by the caveator, if denied, to be determined by a court of competent jurisdiction. Nor is it necessary to determine whether or not the court of ordinary had jurisdiction to render a judgment further than that indicated above, or to decide that the debt was due to the caveator, or its amount.

2. Under the Civil Code (1910), § 3978, whenever the ordinary knows, or is informed by any person having any interest in the estate, that the administrator refuses or fails to make returns as required by law, or that for any reason he is unfit for the trust reposed in him, the ordinary shall cite such administrator to answer such charge at a regular term of the court, and upon the hearing of his return he may, in his discretion, revoke the letters of administration, or require additional security, or pass such order as in his judgment is expedient, under the circumstances of each case.

(a) A creditor of the estate has such an interest therein as to authorize him to bring to the ordinary, by petition, the information that an administrator refuses and fails to make returns as required by law, and to invoke the discretionary action provided by the code section just cited.

(b) Accordingly, where a person filed a petition in the court of ordinary, alleging that an administratrix as such was indebted to him in a stated amount on account, and that she failed and refused to make returns as required by law, no returns having been filed by her for several years past, and praying that the court cite her to answer the charge at the next regular term, such petition was not subject to general demurrer.

(c) The foregoing rulings control the case, and it is unnecessary to deal with the technical question as to whether or not the sustaining of the demurrer to the plea to the jurisdiction of the court of ordinary is now properly before this court for adjudication.

*Judgment affirmed. By five Justices, all concurring.*

SEPTEMBER 14, 1916.

Appeal. Before Judge Charlton. Chatham superior court. May 22, 1915.

*Gordon Saussy,* for plaintiff in error. *E. S. Elliott,* contra.