### JENKINS *v.* LANE *et al.; et vice versa.*

Where an equitable action was brought for recovery of both realty and personalty as well as rents and profits, for an accounting by the defendant as to the property, and for receivership, sale and division; and where on the trial, at the instance of the defendant and over objection by the plaintiffs, the court submitted to the jury the question solely whether the plaintiffs were entitled to recover the lands, and did not submit any question that involved an accounting, or a recovery of the personalty; and where the verdict was in favor of the plaintiffs on the issue submitted, on which verdict a decree was accordingly entered; after which a motion by the defendant for a new trial was overruled, and he excepted to this ruling, there was no final disposition of the whole case on which a writ of error would lie; nor would there have been a final disposition if the decision or judgment complained of had been rendered as the defendant contends it should have been.

Leave is granted to treat as exceptions pendente lite the bills of exceptions as certified and filed.

Nos. 1656, 1657. SEPTEMBER 28, 1920.

Equitable petition. Before Judge Gower. Dooly superior court. August 7, 1919.

*Jule Felton, Powell & Lumsden, Hall & Grice,* and *Charles J. Bloch,* for Jenkins.

*Whipple & McKenzie, A. S. Bussey,* and *Crum & Jones,* contra.

FISH, C. J. The Civil Code (1910), § 6138, declares: "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto; but, at any stage of the cause, either party may file his exception to any de-

cision, sentence, or decree of the superior court; and if the same is certified and allowed, it shall be entered of record in the cause; and should the case at its final determination be carried by writ of error to the Supreme Court by either party, error may be assigned upon such bill of exceptions, and a reversal and new trial may be allowed thereon, when it is manifest that such erroneous decision of the court has or may have affected the final result of the case." This is an equitable action brought by the petitioners as legatees and heirs at law of John A. Jenkins Sr., deceased, against John A. Jenkins Jr., for the recovery of some 2850 acres of land deeded by the testator to the defendant, and for the rents and profits of the land; also for the recovery of certain personalty claimed to belong to the estate of the testator, the personalty amounting to some $12,000. An accounting was asked from the defendant as to all of the property claimed to belong to the decedent's estate, both as to the realty and the personalty. Petitioners alleged that the two executors refused to bring the action, and were colluding with the defendant in his contention that the property was his, and that the estate had no interest in any of it. The appointment of a receiver was prayed to take charge of all of the testator's estate, realty and personalty, and, as the lands were not capable of division in kind, that the receiver sell all of the property of the estate and make a division of the proceeds among the legatees and heirs of the deceased. On the trial, over timely objection of the plaintiff's counsel, the judge "announced that, as suggested by counsel for the defendant, John A. Jenkins Jr., he would not submit to the jury any question which involved an accounting between the parties, but would so shape the issues before a jury as to leave such matter to be subsequently referred to an auditor, in case the jury found for the complainants on the issues which he would submit to them, the case being of such a nature that had the jury found for the defendants the case would have been and would be terminated." The trial thereupon proceeded, and the court submitted to the jury the sole question as to whether the plaintiffs were entitled to recover the lands, and there was a verdict in favor of the plaintiffs on this issue. Thereupon a decree was entered in accordance with the verdict. The defendant moved for a new trial, which motion was overruled, and he excepted.

The special issue as to the land, submitted to the jury and passed on by them, was not a final determination of the case, and would not have been a final disposition of the whole case even if the verdict on that issue had been for the defendant; for if such verdict had been found, the question as to the plaintiff's right of recovery for the large amount of personalty sued for, and for which a receivership was asked, would, on the ruling of the court, have remained in the case; and the case as to such matter is still pending in the trial court. *Perdue* v. *Anderson*, 137 *Ga.* 512 (73 S. E. 1050). The defendant, having invoked the ruling that the trial be confined to the issue as to the title to the land (and the court having made the ruling over timely objection of the plaintiffs), can not now successfully contend that the verdict as rendered, the decree entered, and the judgment overruling the motion for new trial is a final disposition of the whole case. In view of the provisions of the Code section quoted, and the decision above cited, we are constrained to dismiss the main and cross-bills of exceptions.

Under the special facts of this case, leave is granted to file the certified copies of the main and cross-bills of exceptions in the office of the clerk of the superior court as exception pendente lite.

*Writs of error dismissed. All the Justices concur.*