MacDONELL, administrator, v. SOUTH GEORGIA LIVE STOCK CORPORATION et al.; et vice versa.

1. It affirmatively appearing that the cause of action is still pending in the court below, and that the judgment complained of, if it had been rendered as claimed by the plaintiff in error in the main bill of exceptions, would not have been a final disposition of the cause, nor final as to any material party thereto, the writ of error is premature and must be dismissed.

2. The main bill of exceptions having been dismissed because it was sued out prematurely, it necessarily follows that the cross-bills of exceptions must also be dismissed. Civil Code (1910), § 6139; *Hammond* v. *Conyers,* 118 *Ga.* 539 (45 S. E. 417).

3. Leave is granted to treat as exceptions pendente lite all bills of exceptions as certified and filed.

No. 2454, 2455, 2522.    JANUARY 10, 1922.

Equitable petition. Before Judge Lovett. Effingham superior court. December 31, 1920.

W. R. Chaplin, temporary administrator of the estate of Adelaide B. Chaplin, filed an equitable petition against H. C. Prichard and South Georgia Live Stock Corporation, alleging, in the first count as amended, that said defendants were indebted to the estate of Adelaide B. Chaplin, deceased, in the sum of $25,500; that said sum had been obtained by fraudulent representations which induced the said intestate to subscribe for worthless stock of the said corporation. In a second count, as amended, petitioner alleged that H. C. Prichard was indebted to the estate of the intestate in the sum of $5800, for borrowed money. A. R. MacDonell was appointed permanent administrator upon the estate of Adelaide B. Chaplin, and, by appropriate order, was substituted as plaintiff in place of the temporary administrator.

Separate demurrers, general and special, were filed, attacking the petition on numerous grounds. The petitioner moved to strike the demurrers, on the ground that they were filed some six months after the appearance term of the case had expired. The court overruled the motion to strike the demurrers, and sustained the demurrers attacking the second count of the petition, which demurrers were based on the grounds of misjoinder of parties and causes of action; thus dismissing the action as against H. C. Prichard with respect to the item of $5800. The court then overruled the general demurrer to the petition; the effect of the ruling of the court being to leave the cause of action pending against H. C. Prichard and South Georgia Live Stock Corporation for the recovery of the item of indebtedness for $25,500. The court expressly declined to rule on other special demurrers. The plaintiff, MacDonell, sued out a bill of exceptions, assigning error on the overruling of his motion to strike the defendant's demurrers, and also upon the judgment sustaining the demurrer upon the ground of misjoinder of parties and causes of action. The defendants filed cross-bills, assigning error on the judgment of the court overruling the general demurrers to the petition. There were other assignments of error, which need not be stated, because no ruling is made upon them by this court.

*Joseph A. Cronk* and *Seabrook & Kennedy,* for plaintiff.

*Travis & Travis,* for defendants.

GILBERT, J. " No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto." Civil Code (1910), § 6138. Applying the above-quoted section of the code, the writ of error must be dismissed if the main bill of exceptions does not complain of any judgment finally disposing of the case in the trial court, or of a judgment which, if rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto. We will consider the assignments of error in detail. As shown in the preceding statement taken from the record, at the hearing on the demurrers to the petition counsel for petitioner moved to strike the demurrers, because the same had not been filed within the time allowed by law. The court over-ruled this motion. The effect of that judgment of the court was to leave the demurrers pending. This, of course, was not a final determination of the cause of action in any respect. If the court had ruled to the contrary, as petitioner claimed should have been done, that is, if the court had sustained the motion to strike the demurrers, the effect would have been to dispose of the demurrers to the petition, thus leaving the petition standing. This manifestly would not have been a final disposition of the cause of action in any respect; for the cause would then have stood on the calendar ready for trial on its merits. It follows, therefore, that as to the judgment of the court refusing to strike the motion to dismiss the demurrers there was not and could not have been any final disposition of the cause, such as would permit a direct bill of exceptions to this court; and the writ of error, in respect to that assignment of error, is premature. The court then proceeded to sustain the demurrer to the second count in the petition, and to overrule the general demurrer to the petition as a whole. The court expressly declined to rule on other special demurrers. The demurrer to the second count, which was sustained, was based on the ground of misjoinder of parties and causes of action, and these grounds are in the nature of special demurrers. *Rusk* v.

*Hill,* 117 *Ga.* 722 (3) (45 S. E. 42); *Ga. R. & B. Co.* v. *Tice,*
124 *Ga.* 459 (52 S. E. 916, 4 Ann. Cas. 200); 21 R. C. L. 520,
523, §§ 81, 84. The judgment sustaining the special demurrer to
the second count had the effect of eliminating that count, but it
did not dispose of the entire case. The first count remained, and
the judgment of the court at the same time overruled the general
demurrer to the petition; and thus when we come to deal with the
judgment on the merits of the demurrers themselves, we find that
the effect of the court's ruling was to leave the cause pending in
the court below. If the court had overruled the special demurrer
to the second count, as the plaintiff in error contends should have
been done, the effect then would have been to leave the cause
standing in the trial court. It follows from these observations,
that, in so far as the main bill of exceptions complains of the
judgment rendered on the merits of the demurrers, there was no
final judgment rendered. It also appears that if a judgment had
been rendered as claimed by the plaintiff in error, there would
have been no final disposition of the cause, nor would it have been
final as to any material party; and therefore the writ of error in
this respect is premature. It must be borne in mind that it is
the cross-bill, and not the main bill of exceptions, which complains
of the overruling of the general demurrer. We have said above,
among other things, in effect, that the judgment rendered by the
trial court, of which complaint is made by the plaintiff in error,
was not final as to any material party, nor would it have been final
if rendered as claimed by the plaintiff in error. We do not overlook
the fact that in the first count H. C. Prichard and South Georgia
Live Stock Corporation are named as defendants; but it also
appears from the allegations in this count, that, while the corpo-
ration and Prichard were technically separate persons, the facts
alleged show that Prichard owned practically all of the stock of
the corporation, all in fact, except two shares standing in the
names of Thomas Mattison and H. C. Stocking in order to render
the two last-mentioned eligible as directors. It is shown that
Prichard is the dominating character of the corporation, using it
and directing it for his own interests and according to his own
wishes. The second count makes H. C. Prichard a defendant;
and in both counts all of the transactions declared on in the
entire petition are alleged as having been carried on or conducted

by Prichard in his own interest, though the matters referred to in the first count of the petition had reference to the fraudulent sale of worthless stock in the corporation for the benefit of Prichard. It must be further noted that in filing the petition, in resisting the demurrer to the petition, and in endeavoring to cause the judgment of the trial court on the demurrers to be reversed in this court, the petitioner elected to treat both counts of the petition as constituting one cause of action and as against the same party. For the petition to have been otherwise would have been a confession that the petition was demurrable on the ground of misjoinder of parties and misjoinder of causes of action. The petitioner, therefore, is estopped from insisting that the elimination of the second count by the judgment sustaining the demurrer thereto is final as to any material party not included in the first count. The conclusion that the bill of exceptions is premature and must be dismissed, as we have undertaken to show above, is sustained by former rulings of this court. *Jenkins* v. *Lane*, 150 *Ga.* 533 (104 S. E. 195) ; and see *Thomasville Iron Works* v. *Clark*, 16 *Ga. App.* 537 (85 S. E. 674), and cases cited. *Jenkins* v. *Lane* was an equitable action brought for the recovery of both realty and personalty. It appears that the petitioners were legatees and heirs at law of John A. Jenkins Sr.; and that suit was brought against John A. Jenkins Jr., for the recovery of some 2850 acres of land deeded by the father to the defendant, and for the rents and profits of the land, and also for the recovery of certain personalty claimed to belong to the estate of the testator. On the trial the court submitted to the jury the sole question as to whether the plaintiffs were entitled to recover the lands; and there was a verdict in favor of the plaintiffs on this issue. After decree was entered in accordance with the verdict, a motion for a new trial was filed, and subsequently overruled. The defendant excepted. This court said: " The special issue as to the land, submitted to the jury and passed on by them, was not a final determination of the case, and would not have been a final disposition of the whole case even if the verdict on that issue had been for the defendant; for if such verdict had been found, the question as to the plaintiff's right of recovery for the large amount of personalty sued for, and for which a receivership was asked, would, on the ruling of the court, have remained in the case; and the case as to such matter is still pending

in the trial court." Accordingly the writ of error was dismissed. It appearing in the present case that the judgment complained of in the main bill of exceptions was not a final disposition of the whole cause, and that if a judgment had been rendered as claimed by the plaintiff in error it would not have been a final disposition of the cause, nor final as to any material party, this court is without jurisdiction, and the writ of error must be dismissed. Civil Code (1910) section 6250 declares "If the court has no jurisdiction, it will dismiss the writ whenever and however this may appear." *Cutts* v. *Scandrett,* 108 *Ga.* 620 (34 S. E. 186); *Welborne* v. *State,* 114 *Ga.* 796 (40 S. E. 857); 7 R. C. L. 1043, § 75.

2, 3. The second and third headnotes do not require elaboration.

*Writ of error on each bill of exceptions dismissed, with direction. All the Justices concur, except*

ATKINSON and HINES, JJ., dissenting. The plaintiff in the trial court filed a bill of exceptions assigning error as stated in the majority opinion, and, in specifying portions of the record to be copied and transmitted to the Supreme Court, designated among others the original petition, the general demurrers thereto, and the judgment overruling such demurrers. Two days after the bill of exceptions so tendered by the plaintiff was certified by the trial judge, and within thirty days from the judgment overruling the general demurrers, the defendants tendered bills of exceptions, assigning error on, among other rulings, the judgment overruling the general demurrers to the petition. This was duly certified by the judge, and service thereof was duly acknowledged by the attorneys of record for the opposite party within the time provided by law for service of main bills of exceptions. The bills of exceptions so tendered by the defendants did not specify the original petition, the general demurrers, and the judgment overruling the general demurrers as necessary to be copied and transmitted to the Supreme Court, because (as stated) such parts of the record had been specified to be sent up in the bill of exceptions sued out by the plaintiff. Under the circumstances the bills of exceptions brought up by the defendants were in substance main bills of exceptions, and were sufficient to bring under review the judgment overruling the general demurrers to the petition, and therefore were not premature. If they were defective in not specifying to be copied and transmitted all of the record material

to be a clear understanding of the errors complained of, that was not a fatal defect or sufficient to destroy their character as main bills of exceptions, nor would it render the bill of exceptions premature. This court has power to send for such portions of the record, notwithstanding they were not properly specified; and the exercise of such power is in accord with the general practice.