*J. H. Longino,* contra.

---

## 15890. STEIN v. LAZARUS *et al.*

## 15893. LAZARUS *et al.* v. STEIN.

JENKINS, P. J. The action was in two counts,—(1) for general damages on account of an alleged libel, and (2) for damages on account of alleged fraud and deceit. The judge in one order overruled the general demurrer to the first count, and the special demurrer as to designated paragraphs thereof, but sustained the special demurrer as to other parts of that count. He sustained the general demurrer to the second count and dismissed it. The plaintiff sued out a bill of exceptions to the rulings adverse to himself, and several days later the defendants sued out and filed in the court below a bill of exceptions (not as a cross-bill but as an independent bill of exceptions) complaining of the rulings adverse to themselves. The defendants move to dismiss the bill of exceptions of the plaintiff, upon the ground that his writ of error is premature, there being no final judgment from which a writ of error at his instance will lie. *Held:*

1. The judgment having sustained the defendants' general demurrer to

the second count and dismissed that count, but having overruled the general demurrer to the first count, if a judgment as to the first count "had been rendered as claimed by" them (Civil Code of 1910, § 6138), it "would have been a final disposition of the cause," and therefore their bill of exceptions was proper. As to the plaintiff's bill of exceptions, however, since the judgment on the general and special demurrer to the first count was not, as to him, a final disposition of the case, and since a judgment in accordance with his contentions would not have been a final disposition of the case, but the cause still remained pending on the first count, notwithstanding the dismissal of the second, his direct bill of exceptions (which might have been proper as a cross-bill had it been subsequent to and based on the direct bill of the defendants) was premature, and the motion to dismiss the same must be sustained. Civil Code (1910), §§ 6138, 6139, 6148; *Southern Flour & Grain Co.* v. *Levy Rice Milling Co.,* 22 *Ga. App.* 554 (96 S. E. 593); *Carhart* v. *Mackle,* 22 *Ga. App.* 520 (96 S. E. 591). See also *Berryman* v. *Haden,* 112 *Ga.* 752 (2) (38 S. E. 53); *Thomasville Iron Works* v. *Clark,* 16 *Ga. App.* 537 (85 S. E. 674); *Ogletree* v. *Ogletree,* 127 *Ga.* 232 (1), 236 (55 S. E. 954); *Funk* v. *Browne,* 145 *Ga.* 829 (6) (90 S. E. 40). Leave, however, is granted to the plaintiff to treat the official copy of his bill of exceptions filed in the court below as exceptions pendente lite.

2. "While language used in a publication charging the plaintiff with being insolvent, and that he is in pecuniary difficulties and forced to retire from business at the instance of defendant as a creditor of plaintiff, was not of such character as to authorize the court to instruct the jury as a matter of law that it was libelous, yet it would be proper to submit to the jury as a question of fact, under appropriate instructions, in case the evidence should authorize it, whether the language referred to was libelous or not. . . If the language is libelous per se and the jury should so find under proper instructions from the court, the plaintiff would be entitled to recover general damages, without proof of special damages. The plaintiff would not be entitled, without showing that he was in business at the time of the libelous publication, to recover general damages because of such publication, unless the matter of publication was libelous per se." *Weatherholt* v. *Howard,* 143 *Ga.* 41 (3, 4, 5) (84 S. E. 119); Civil Code (1910), §§ 4428, 4433. Thus, where, as in the instant case, it appears, according to the averments of the petition, that the defendants mailed to the creditors of the plaintiff (some sixteen in number in the State of his residence and elsewhere) a letter containing the false statements that the plaintiff "hasn't very much merchandise and has become dissatisfied to stay in [the town of his residence], as he had some little trouble and got frightened to remain there," and saying to each, "if you will allow me 20 per cent. to save myself and you, I will send you a check,"—to the injury and damage not only of the business of the plaintiff, but of his "reputation,"—and the petition alleged that the reports related not only to the "financial standing," but also to the "good name, character, and intent of the plaintiff with respect to his dealings in the business world," whereas in fact he had ample assets to pay his creditors, and had contracted with the de-

fendants, in selling out to them his business, that they should pay such creditors in full from a 'part of the purchase price, this. count set forth a cause of action good as against general demurrer, notwithstanding it claimed only general damages. Therefore, after striking from the petition, on special demurrer, averments relating "exclusively to damages to the business of the plaintiff and to the loss of money and credit he claims to have sustained (only general damages being prayed for), while the facts alleged in the petition show on their face that the plaintiff was not in business at the time of the publication," the judge did not err in further ruling that the first count sued "for injury to the good name, reputation, and character of the plaintiff resulting from the publication by defendants of the alleged libelous matter," and that "the question of whether or not the publication was in fact libelous" should be "left to the jury." See *Dun* v. *Weintraub*, 111 *Ga.* 416 (2), 419; *Witham* v. *Atlanta Journal*, 124 *Ga.* 688, 691, 692; *Johnson* v. *Bradstreet Co.*, 77 *Ga.* 172 (*b*), 175; *Holmes* v. *Clisby*, 118 *Ga.* 820, 822; *Flanders* v. *Daley*, 120 *Ga.* 885 (2), 887 (2), 124 *Ga.* 714, 717; *Tillman* v. *Willis*, 61 *Ga.* 434-436; *Spence* v. *Johnson*, 142 *Ga.* 267 (2), 269 (2), 270; *Atlanta Post Co.* v. *McHenry*, 26 *Ga. App.* 341, 344; 17 R. C. L. 294-299.

3. The court properly overruled the special grounds of demurrer to certain paragraphs in the first count, containing the allegations relating to general damages, referred to in his judgment and in the preceding paragraphs of this syllabus.

*Writ of error in No. 15890 dismissed; judgment affirmed in No. 15893. Stephens and Bell, JJ., concur.*

DECIDED APRIL 18, 1925.

Action of libel; from city court of Valdosta—Judge Little. August 9, 1924.

*R. G. Dickerson Jr., Hendricks & Hendricks,* for plaintiff.
*E. K. Wilcox,* for defendants.