## SHEAROUSE v. SHEAROUSE.

PER CURIAM. The judgment overruling certain grounds of the defendant's demurrer to the petition, but sustaining other grounds, with leave to amend, purports upon its face to be provisional only, and not final, indicating such a reservation of jurisdiction in the trial court as to prevent the bringing to this court of a bill of exceptions assigning error thereon. The bill of exceptions must therefore be dismissed, for want of jurisdiction in this court to entertain it. See *Richards* v. *Georgia Power Co.,* 42 *Ga. App.* 741 and cit.; *Olds Motor Works* v. *Olds Oakland Co.,* 140 *Ga.* 400 (78 S. E. 902).

*Writ of error dismissed. All the Justices concur, except Russell, C. J., and Hill, J., who dissent.*

No. 9422. APRIL 15, 1933.

*Travis & Travis,* for plaintiff in error.

HILL, J., dissenting. The petition in this case, omitting the formal portions, is as follows:

"Lester Shearouse brings this his equitable petition against Dorothy Linderman, alias Dorothy Shearouse, who is hereby made party defendant to this petition, and alleges: First. That petitioner is a resident of said State and county, residing at Pooler, Georgia. Second. That defendant is a resident of said State and county, also residing at Pooler, Georgia. Third. That on March 29, 1932, a marriage ceremony was performed between the parties hereto at Ridgeland, S. C., purporting to unite in the bonds of matrimony petitioner and defendant, but that said marriage was only a pretended marriage, was null and void, for the following reasons, to wit: At the time said marriage ceremony was had and performed your petitioner was an unwilling party to said pretended marriage, and only took part in said pretended marriage by reason of threats of great bodily harm made against him by R. T. Linderman, a brother of defendant, and the father of defendant, a Mr. Linderman whose initials are unknown to petitioner. Petitioner further shows that he was fraudulently induced to visit the home of defendant, at which time said threats of great bodily harm was made against him, and that in company with said brother of defendant was forced to enter an automobile and journey to Ridgeland, S. C., and unwillingly take part in said pretended marriage, all of which was contrary to any intention of your petitioner and against his will and he only took part in said pretended marriage by reason of fear that great bodily harm, amounting to a felony, would be inflicted upon him instantly, upon his refusal.

"Wherefore petitioner prays: (a) That said pretended null and void marriage between petitioner and defendant be declared and adjudged to be null and void, and that he, your petitioner, be forever released and discharged from any and all obligations and duty, if any, arising from said pretended marriage, and for such other relief as to justice and equity may appertain, and as may seem meet and proper in the premises. (b) That process do issue directed to defendant, requiring her to be and appear at the next term of this honorable court to answer your petitioner's complaint."

The defendant demurred to the petition as follows: "1. Said petition sets out no cause of action. 2. Said petition sets out no sufficient facts to authorize equitable relief. 3. Said petition is an attempt to set aside a marriage contract in equity, which is contrary to the laws of this State and is not authorized by the same. 4. Because there is no authority of law to bring a suit in equity in this State to set aside a contract of marriage entered into. 5. Because there is no equity in the bill. 6. Because the complainant has an ample and adequate remedy at law. 7. Especially to paragraph numbered third of said petition: (a) In that the same contains only conclusions of the pleader and does not set out any sufficient facts to justify the relief sought, nor any other relief. (b) Because same fails to set out what threats were made against the petitioner by R. T. Linderman. (c) Because the same fails to set out what threats were made against the petitioner by the father of this defendant, whose initials the petitioner claims are unknown to him. (d) Because there is no statement of any fact to authorize the conclusion that the petitioner was 'fraudulently' induced to visit the home of the defendant. 8. Because there are no facts stated to authorize the conclusion that petitioner was forced to enter an automobile and journey to Ridgeland, South Carolina. 9. Because there are no facts stated which would authorize the petitioner to have any fear of bodily harm."

The judgment of the court was as follows: "The pleader calls his petition in this case an equitable petition. There is nothing in a name. You might call a dog a bull, but that would not make the canine a bovine. The petition is for annulment. The trouble with it is that it does not set out sufficient facts to withstand the special demurrers. The 1st, 3rd, 4th, 5th, and 6th grounds of demurrer are overruled; the 2nd, 7th, 8th, and 9th grounds are sustained, with right to petitioner to amend within ten days to meet the same." This order was dated November 10, 1932. On November 28, 1932, the defendant sued out a bill of exceptions assigning error on so much of the judgment as overruled any of the grounds of the defendant's demurrer.

It will be observed that this is an equitable petition brought to *annul* a marriage on the ground that the plaintiff was forced to marry the defendant by the brother and father of the defendant, and that consequently the marriage was null and void. The issue is

clearly presented in this case as to whether a marriage is void which is obtained by "force, menaces, *duress* [italics ours] or fraud in obtaining the marriage," and which is made a ground for a divorce under Civil Code (1910), § 2945 (4) ; and whether such marriage can be *annulled* in equity, or whether a suit for divorce must be filed upon that ground. As early as the case of *Brown* v. *Westbrook,* 27 *Ga.* 102, 106, Judge Lumpkin said: "Now, I maintain broadly, that in this State no decree can be rendered, separating man and wife, where there has been a marriage de facto, except under our divorce laws . . separations between those who are husband and wife de facto, have only been effected by the act of the legislature or of the court, or by the joint action of both; and that, too, in a proceeding both in form and substance *for a divorce."* In the same case Judge Lumpkin says: "No innocent woman should be separated from the man whom she supposed to be her husband, without being provided for; and the idea of bastardizing the children of such a marriage is monstrous. And that is just what the plaintiff in error is seeking to have done in this case. If the woman has been guilty of a fraud and circumvention, turn her away penniless, if you please, as a punishment for her misconduct. The divorce jury have the power to do this. But the guiltless progeny—never." And in *Griffin* v. *Griffin,* 130 *Ga.* 527 (3) (61 S. E. 16, 16 L. R. A. (N. S.) 937, 14 Ann. Cas. 866), a doubt was expressed whether an equitable suit for the annulment of a marriage is maintainable for causes which are recognized by the statute as grounds for divorce; and the case of *Brown* v. *Westbrook,* supra, is referred to as bearing upon that question. In *Cale* v. *Davis,* 135 *Ga.* 185 (68 S. E. 1101), a suit was brought for the annulment of a marriage, and a verdict found by one jury in favor of the annulment and a decree was entered thereon. A motion was made to set aside the verdict and decree. The motion was granted, and this judgment was affirmed by this court. In *Gay* v. *Pantell,* 164 *Ga.* 738 (139 S. E. 543), an equitable petition was filed to annul a marriage contract, and it was held: "No question was raised as to the right to annul a marriage in an equity suit in lieu of a statutory proceeding for a divorce under the Civil Code (1910), §§ 2944 et seq." See also *Hand* v. *Berry,* 170 *Ga.* 743 (154 S. E. 239). But this court seems to have settled the question in the case of *Johnson* v. *Johnson,* 172 *Ga.* 273 (157 S. E. 689), where it was held: "Where a guardian

is appointed for a man who was insane at the time of his marriage and brings an equitable suit to have the marriage declared null and void on the ground of the insanity of his ward at the time of the ceremony of marriage, such petition should be dismissed upon general demurrer. Mental incapacity at the time of marriage is, under a statute of this State, made a ground for divorce, and a party who was insane at the time of the marriage, or his guardian appointed after the marriage, must resort to the remedy of divorce to have the contract annulled and the status destroyed." Thus, this court has expressly ruled that a contract of marriage can not be annulled in an equitable petition brought for that purpose. The principle ruled in the *Johnson* case applies in this case, where one has the right to file a suit for divorce under the statute where the marriage was obtained by duress, etc. It will be observed that in a petition to annul a marriage contract, for any cause, two verdicts of two separate juries at two separate terms of the superior court is not required, as in cases of suits for divorce. In the present proceeding only one verdict would be required in order to *annul* the marriage, if an equitable petition would lie for that purpose. This is contrary to the policy of our law and as stated by Judge Lumpkin in 27 *Ga.*, and if there are children, issue of the marriage, they would be bastardized.

In the present case the court overruled the general demurrer, but sustained the special demurrer with leave to amend within ten days, and there is nothing in the record to show that any amendment was filed within the ten days allowed by the trial court. The record does show that the bill of exceptions was signed after the ten days had expired, and therefore it will be inferred that no amendment in answer to the special demurrer was filed in order to meet the grounds of that demurrer. But, whether the petition was amended or not, it is plain that no amendment could have converted this equitable petition for the annulment of a marriage into a suit for divorce. To do so would be to allow the plaintiff to set out a different cause of action; and when the court overruled the general demurrer that was a final termination of the case within the meaning of Civil Code (1910), § 6138, which is as follows: "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by

the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto;" etc.

I can not concur, therefore, in the view of the majority of the court to the effect that the judgment rendered by the trial judge on the demurrers was not final, and that the suit is still pending in the court below. Among the powers conferred upon the Supreme Court is one giving it authority to give final direction to a case. If I am right in what I have said in this dissent, what would be the use of allowing the case to go back for another trial, when no amendment that the plaintiff could offer would change the petition from a suit to annul a marriage, to a suit for divorce? Although the learned trial judge says that "there is nothing in a name," thereby indicating that this is suit for divorce instead of an equitable petition to annual a marriage, yet the petition is denominated an "equitable petition," and it merely prays for a decree setting aside the marriage between the parties in this case on the ground that it was obtained through duress. It is hard to discern upon what principle this writ of error is dismissed. Regardless of the rulings on the special demurrer, in which the lower court gave permission to amend, the above-stated rule would still prevail even though the case is still pending for that purpose, or for any other purpose. I am of the opinion that the court erred in not sustaining the general demurrer and in not dismissing the case. Chief Justice Russell concurs in this dissent.