The only assignment of error in the bill of exceptions is upon the judgment sustaining certain grounds of special demurrer. Such judgment was not a final judgment, and the case was left pending in the court below. Therefore the bill of exceptions is prematurely brought, and the writ of error must be dismissed. Code, § 6-701; Jackson v. Green, 58 Ga. 460; Berryman v. Haden, 112 Ga. 752 (38 S.E. 53); Johnson
v. Battle, 120 Ga. 649 (2) (48 S.E. 128); Canuet v. Seaboard Air-Line Railway, 128 Ga. 41 (57 S.E. 92); MacDonell v. South Georgia Live Stock Corporation, 152 Ga. 475 (110 S.E. 227); Belfor v. Belfor, 175 Ga. 694
(165 S.E. 635); Fickett v. Fuller, 171 Ga. 190
(154 S.E. 784); Shearouse v. Shearouse, 176 Ga. 902
(169 S.E. 125); Johnson v. Henry, 178 Ga. 542 (174 S.E. 140); Harrell v. Southern Railway Co., 13 Ga. App. 409
(79 S.E. 240); Stein v. Lazarus, 33 Ga. App. 791
(128 S.E. 696); Phillips v. Cuthbert Gin Co., 51 Ga. App. 149
(179 S.E. 774).
Writ of error dismissed. All the Justicesconcur.
 No. 14138. MAY 26, 1942. REHEARING DENIED JUNE 16, 1942.
Mrs. Genevieve Bagley filed in the superior court a petition against J. H. Bagley, temporary administrator of the estate of T. H. Bagley, and Mrs. Mollie Ashmore as ordinary of Liberty County, alleging, that she is the surviving widow of T. H. Bagley, who died on October 27, 1941, owning an estate of the approximate value of $100,000; that he left four children by a former marriage, three of whom are minors and have no guardian; that the petitioner is entitled to act as sole administratrix of the estate; that, without notice to her, J. H. Bagley was appointed temporary administrator, and he has applied for permanent letters of administration and for authority to continue the operation of the business of the deceased. The prayer was for injunction restraining both the temporary administrator and the ordinary from doing the acts complained of in the petition; and for general relief. The plaintiffs in error, Mrs. Bonnie Bagley, claiming to be the lawful widow of T. H. Bagley, deceased, Mrs. Edith Hinely, and Earl Bagley, Franklin Bagley, and Su Nell Bagley by their guardian, as the children of T. H. Bagley, deceased, filed an intervention in which an attack was made upon the judgment decreeing a total divorce between Mrs. Bonnie Bagley and T. H. Bagley. The intervention also attacked a judgment of the superior court decreeing a total divorce between the plaintiff and a former husband. *Page 155 
The intervention alleged, that because of the invalidity of the two divorce decrees therein attacked the marriage of Mrs. Bonnie Bagley and T. H. Bagley was never dissolved, and that she is now his lawful widow and entitled to participate in his estate as such; that because of the invalidity of the judgment decreeing a divorce between the plaintiff and a former husband she could not lawfully marry the deceased, and the marriage ceremonial between her and T. H. Bagley was void. The intervention further set forth the final divorce decree between Mrs. Bonnie Bagley and T. H. Bagley, dated February 22, 1935, which, after decreeing a total divorce and removing the disabilities of the parties, awarded custody of the minor children to the wife, awarded permanent alimony of $10 per month to the wife so long as she remained single, and $10 a month to each of the five minor children, to be paid until they reached their majority or married, and an additional $10 a month to the wife for house rent, together with $85 attorney's fees, all payable to the wife on the first day of each month. The intervention alleged, that there were unpaid on the alimony judgment certain stated sums; that the wife is now forty-eight years of age, having an expectancy of nineteen years; that she is entitled to $20 a month during this expectancy, which reduced to its present value would amount to $2412.48, which added to the past-due amounts of alimony payable from the estate of T. H. Bagley makes a total of $9847.63. The prayers were (a) for allowance of the intervention; (b) that Mrs. Bonnie Bagley be decreed the lawful widow of T. H. Bagley, deceased; (c) for a verdict and judgment of alimony in the sum of $9847.63, with interest thereon from December 20, 1941, and that this sum be paid from the assets of the estate; (d) that intervenors be decreed to be the sole heirs of T. H. Bagley and entitled to a child's part of his estate; (e) for appointment of a receiver for the estate; (f) that all parties having claims against the estate be required to intervene and set up such claims; (g) that the administrator appointed by the ordinary be enjoined from further administering the estate; (h) that the decree of the court showing final administration of the estate be filed in the court of ordinary; (i) for service of the intervention; and (j) for general relief. To the intervention the plaintiff filed general and special demurrers. Judgment was entered, overruling the general demurrer and numerous grounds of special demurrer, *Page 156 
but sustaining those grounds of special demurrer assailing the portions of the intervention attacking the divorce decree between intervenor and T. H. Bagley and the divorce decree between plaintiff and her former husband, and striking all parts of the intervention relating to these two judgments. To the portion of this judgment sustaining the special demurrers, the intervenors excepted.