DAVIS *et al. v.* TRUST COMPANY OF GEORGIA, executor.

No. 14354. NOVEMBER 10, 1942.

*Alex. M. Hitz,* for plaintiffs.

*Spalding, Sibley, Troutman & Brock* and *James A. Branch Jr.,* for defendant.

DUCKWORTH, Justice.   The joint petition of Archibald H. Davis Sr., Archibald H. Davis Jr., N. Knowles Davis, and J. Topliff Davis, the husband and sons of Mrs. Susan Topliff Davis and the sole legatees under her will, sharing equally in her estate, alleged various violations of trust upon the part of the executor, and prayed for judgment against the executor for large sums of money, and that the executor be required to restore to the corpus of the estate $7000 with interest thereon; and for general relief.   In paragraph 5 of the petition it was alleged that the undivided share of J. Topliff Davis was bequeathed under a spendthrift trust under item 3 of the will, which directed that the executor as trustee should pay monthly to this legatee his portion of the income from the estate; that the legatee has power to dispose of his share by will; and that the trustee is empowered, with the consent of the legatee, to sell for the purpose of reinvestment.   The executor filed special demurrers, comprising 26 pages of this record, 31 grounds of which were sustained, with leave to amend within a stated time, and providing that in the absence of amendments to meet the grounds of demurrer within the time fixed the paragraphs and portions of paragraphs assailed by the demurrers were stricken, except paragraph 5 of the petition which was stricken without permission to amend.   Within the time allowed for amendment the petitioners tendered and had allowed an amendment amending various paragraphs of the petition.   Exceptions pendente lite to the ruling sustaining the demurrers were filed.   To the answer of the defendant executor the plaintiffs filed various special demurrers; and on hearing these demurrers were overruled, except grounds 5, 7, 8, 9, 33 and 38, which were sustained.   To this judgment the plaintiffs filed exceptions pendente lite.   Thereafter the plaintiffs filed this bill of exceptions, assigning error on that portion of the judgments on demurrer which was adverse to them.

We have examined carefully all the grounds of demurrer as well as the portions of the petition unaffected by the ruling on the demurrers, and, without consuming the enormous space necessary to here set forth the full content of the pleadings, it is sufficient to say that the rulings excepted to did not constitute final judgments

in the case, but left the case still pending. The writ of error is premature, and must be dismissed. *Bagley* v. *Bagley,* 194 *Ga.* 154 (20 S. E. 2d, 760), and cit.; *Wills* v. *Manning,* 193 *Ga.* 705 (19 S. E. 2d 522).

*Writ of error dismissed. All the Justices concur.*