GAULDING *v.* GAULDING, executor, *et al.; et vice versa.*

HEAD, Justice. 1. A direct bill of exceptions to a ruling made pendente lite, which does not assign error upon any final judgment or upon a judgment which would have been final if rendered as claimed by the plaintiff in error, will not be entertained by this court. *Prater* v. *Crawford,* 143 *Ga.* 709 (85 S. E. 829); *Cohen & Menko* v. *Southern Express Co.,* 53 *Ga.* 128, 133 (3); *Zorn* v. *Lamar,* 71 *Ga.* 80 (2); *Jones* v. *Daniel,* 106 *Ga.* 850 (33 S. E. 41); *Ross* v. *Mercer,* 115 *Ga.* 353 (41 S. E. 594); *State Mutual Life & Annuity Assn.* v. *Kemp,* 115 *Ga.* 355 (41 S. E. 652); *Peoples Bank of Talbotton* v. *Merchants & Mechanics Bank of Columbus,* 116 *Ga.* 279 (42 S. E. 490); *Smith* v. *Estes,* 128 *Ga.* 368 (57 S. E. 685); *Perdue* v. *Anderson,* 137 *Ga.* 512 (73 S. E. 1050); *Jenkins* v. *Lane,* 150 *Ga.* 533 (104 S. E. 195); *Johnson* v. *Motor Contract Co.,* 186 *Ga.* 466 (198 S. E. 59); *Peerless Laundry Co.* v. *Abraham,* 193 *Ga.* 179, 180 (3) (17 S. E. 2d, 267).

2. The assignments of error made by the main bill of exceptions are to pendente lite rulings which construe one item of a will. Neither judgment of the court construing item 6 of the will was a final judgment, and the proper subject matter for a direct bill of exceptions. There is no final judgment in the trial court fixing the rights of the respective parties, and the cause is still pending in the trial court.

3. Where, as in this case, the main bill of exceptions must be dismissed as premature, the cross bill must likewise be dismissed. *Perdue* v. *Anderson,* supra.

*Writs of error dismissed. All the Justices concur, except Atkinson, P. J., not participating.*

Nos. 18035, 18036. ARGUED NOVEMBER 13, 1952—DECIDED JANUARY 12, 1953.

*C. O. Baker* and *Robert E. Gibson,* for plaintiff in error.

*John M. Gaulding Sr., Rupert A. Brown, R. Howard Gordon, J. T. Murray, Clete Johnson* and *Linton S. Johnson,* contra.